

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00183-CR

NORRIS WAYNE JACKSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0330X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Norris Wayne Jackson, Jr., appeals from the revocation of his community supervision and final adjudication of his guilt and imprisonment for the offense of burglary of a habitation. Seven months after being placed on deferred adjudication, the State filed a motion to adjudicate. On his pleas of "true" to three of the allegations, the trial court found Jackson guilty and sentenced him to four years' imprisonment.

Jackson's attorney on appeal filed a brief on October 23, 2013, which states that he has reviewed the record. Counsel summarizes the evidence elicited during the course of the proceeding and briefly explains the procedural history, stating that he has found no meritorious issues to raise for appeal. Counsel nevertheless has suggested one potential issue, arguing that his sentence was disproportionate punishment for the offense and amounted to cruel and unusual punishment under the Eighth Amendment to the United States Constitution—but then also correctly pointing out that even if the argument had some viability, the argument was not preserved for review on appeal.

In so doing, counsel has provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

As also required by *Anders*, counsel has filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel mailed a copy of his brief to Jackson on October 22,

2013, along with a copy of his motion to withdraw and a letter informing Jackson of his right to file a pro se response, providing this Court's address, and informing Jackson that he would need to immediately proceed with filing such a response should he desire to do so. Counsel also provided Jackson with a complete copy of the record for his use in filing such a response should he choose to do so. Jackson has not filed a pro se response and has not contacted this Court in connection with his appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[1]

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     January 2, 2014
Date Decided:       January 3, 2014

Do Not Publish